**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1418**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ROBERT N. THOMPSON,

                              Claimant - Appellant,

        and

$4,629.00 IN U. S. CURRENCY,

                              Defendant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge. (CA-04-225-7)

---

Submitted:  July 20, 2005          Decided:  August 8, 2005

---

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Robert N. Thompson, Appellant Pro Se.  Anthony Paul Giorno, John Leslie Brownlee, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert N. Thompson appeals a district court's final judgment granting summary judgment to the United States and forfeiting seized currency to the United States. The Government sought to forfeit $4629.00 in currency seized when Thompson was a passenger in a vehicle suspected of being involved in some drug activity. We affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); United States Dep't of Labor v. North Carolina Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Under 18 U.S.C. § 983(c)(1) (2000), the Government must demonstrate by a preponderance of the evidence that the seized property is subject to forfeiture. Id. Furthermore, § 983(c)(3) provides that "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal

offense, the Government shall establish that there was a substantial connection between the property and the offense." <u>Id.</u> After reviewing the record, we conclude that no reasonable jury could fail to find that the money at issue was used to facilitate drug transactions.

Accordingly, we affirm the district court's final judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>